UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER MANOUSE<br>　　Plaintiff | )<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>JURY TRIAL<br>DEMANDED |
| v. | )<br>) | |
| GC SERVICES, LP and JANE DOE a/k/a Dawn<br>　　Defendants | )<br>)<br>) | <br><br>AUGUST 9, 2011 |

## COMPLAINT

　　1.　This is a suit brought by a consumer who has been harassed by the defendant collection agency and its employee.  This action is for violation of the Fair Debt Collection Practices Act ("FDCPA").and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

　　2.　Plaintiff, Christopher Manouse, is a natural person residing in Naugatuck, CT and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

　　3.　The defendant, GC Services, LP ("GC Services") is a Delaware limited partnership with its principle place of business in Texas.  It is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4.  Jane Doe a/k/a Dawn ("Dawn") is an individual of unknown residence who is employed by GC Services as a debt collector, and she is a debt collector as defined by FDCPA § 1692a(6).

5.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337.

6.  This Court has jurisdiction over the defendants because they engage in debt collection within Connecticut.

7.  Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

8.  In or before April 2011, Dawn, working as a representative of GC Services, began calling Plaintiff in an attempt to collect a consumer debt that was claimed by a credit card company (the "Account").

9.  On multiple occasions, including on or about April 13 and April 29, 2011, Dawn left messages on Plaintiff's home answering machine in which she failed to state that she was calling for GC Services, failed to state that she was calling for purposes of collecting a debt, and failed to state that any information obtained would be used for purposes of attempting to collect a debt.

10. On or about April 29, 2011, Dawn also left a message on Plaintiff's voice mail at work in which she failed to state that she was calling for GC Services, failed to state that she was calling for purposes of collecting a debt, and failed to state that any information obtained would be used for purposes of attempting to collect a debt.

11. Also, in April 2011, Dawn called Plaintiff's ex-wife and asked her to give Plaintiff a message to return Dawn's call and that it was an emergency.

12. About the same time, Dawn also called two of Plaintiff's neighbors and asked each of them to give Plaintiff a message to return Dawn's call and that it was an emergency.

13. Plaintiff has suffered an ascertainable loss on account of the collection tactics utilized by Dawn and GC Services.

14. The defendants violated the FDCPA and CUTPA.


WHEREFORE, the Plaintiff seeks recovery of actual damages (including emotional distress related damages) and statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g;); and such other relief as this Court deems appropriate.

          **PLAINTIFF, CHRISTOPHER MANOUSE**


      By: <u>/s/Daniel S. Blinn</u>
         Daniel S. Blinn, Fed Bar No. ct02188
         dblinn@consumerlawgroup.com
         Consumer Law Group, LLC
         35 Cold Spring Rd., Suite 512
         Rocky Hill, CT  06067
         Tel. (860) 571-0408; Fax (860) 571-7457